## Boice *vs.* Main and Seaton.

Where the plaintiff in a justice's judgment consented, without consideration, that the constable who had collected the money on the execution might retain it for a short time, for a temporary purpose; *held* that this did not discharge the liability of the constable's surety.

Error to the Jefferson common pleas. Boice sued Main and Seaton before a justice of the peace, and declared upon an instrument executed by Main as a constable with Seaton as his surety, by which, according to the provisions of the statute, they agreed to pay to each and every person who might be entitled thereto all such sums of money as the said constable might become liable to pay on account of any execution which might be delivered to him for collection; the plaintiff claming to recover the amount of an execution in his favor against another person, which he had delivered to Main as a constable to execute. The defendants pleaded the general issue. On the trial the plaintiff proved the execution of the undertaking; and it appeared that Main, as a constable, had collected the money on the execution referred to. The defendant then proved, that after he had received the money on the execution, he informed the plaintiff of the fact, and mentioned to him that if he did not want it, he (Main) would like to carry it to Watertown for exchange—to which the plaintiff assented, and the money was not paid to the plaintiff. On this evidence the jury found a verdict for the defendant, which the common pleas affirmed on *certiorari*.

*W. L. Sherman,* for the plaintiff in error.

*E. B. Hawes,* for the defendants in error, insisted that what took place between the plaintiff and the constable constituted the latter a borrower of the money which had been collected, or at all events the private agent of the plaintiff, and that the surety was thereby discharged.

*By the Court,* JEWETT, J. I see no principle, upon which the verdict of the jury upon the evidence in this case can be sustained. There is no conflict in the evidence. The simple question presented, is whether the surety of the constable is discharged, by the plaintiff's yielding his assent, without consideration, to a temporary delay by the constable in paying over the money collected on the execution. There was no evidence that the constable offered to pay the money, provided the plaintiff would not assent to his request, nor any pretence that the plaintiff loaned the money to him. I think the judgment of the justice as well as that of the common pleas should be reversed.

Judgment reversed.